UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN PAGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO, MERCY HOSPITAL OF FOLSOM, ILESHA MOSELEY,<br><br>　　　　Defendants. | No. 2:25-cv-1706 DC AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff sues the County of Sacramento, Mercey Hospital of Folsom, and Ilesha Moseley pursuant to 42 U.S.C. § 1983. Ms. Moseley is a private citizen. Id. The alleged events giving rise to plaintiff's claims occurred in Rancho Cordova, California on August 25, 2024 and September 17, 2024. Id. at 5. Plaintiff alleges that in August of 2024, Moseley sexually assaulted him, causing a back injury. Id. at 6. Plaintiff did not report the incident to law enforcement but did speak with a psychologist friend. Id.

On September 16, Moseley filed a false police report against plaintiff alleging strangulation. Id. That evening, plaintiff and Moseley got into an argument but still slept in the same bed and had pleasant communications in the morning. Id. Plaintiff was arrested at approximately 6 p.m. on September 17. Id. "At least 6 law enforcement vehicles and personnel, including K9's, were in attendance – weapons drawn, demanding Plaintiff 'come out with his hands up' via a loudspeaker system heard across the neighborhood. The show of force was completely unwarranted and designed to inflict maximum emotional and physical harm, supporting Plaintiff's claim of conspiracy between former law enforcement friends of Moseley and Sacramento County Sherriff's office." Id. Plaintiff asserts claims under 42 U.S.C. § 1983, § 1985, and various state law causes of action.

C. Discussion

Plaintiff's complaint cannot be served at this time because it does not state a claim upon which relief can be granted, for the reasons set forth below.

3

1. The Private Defendants are Not Subject to § 1983 Liability

First, under the facts alleged, plaintiff cannot sue Ilesha Moseley or Mercy Hospital of Folsom under 42 U.S.C. § 1983. In general, rights secured by the Constitution are protected only against infringements by the government, and individuals engaged in private action cannot be sued for constitutional violations under 42 U.S.C. § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). There are certain limited circumstances in which a litigant may seek damages under 42 U.S.C. § 1983 from a private party based on a violation of a constitutional right: § 1983 liability "extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question." Id. There are three tests the court may look to in order to make a determination: (1) the "joint action test," which examines whether private actors are willful participants in joint action with the government or its agents; (2) the "symbolic relationship test," which asks whether the government has so far insinuated itself into a position of interdependence with a private entity that the private entity must be recognized as a joint participant in the challenged activity; and (3) the "public functions test," which inquires whether the private actor performs functions traditionally and exclusively reserved to the States. Id. at 1211.

Here, Moseley is a private person and Mercy Hospital is a private entity; neither are inherently subject to liability under 42 U.S.C. § 1983; liability can only arise if plaintiff can show that they were colluding with or acting on behalf of the state. As to Moseley, plaintiff alleges only that she sexually assaulted him and filed a false police report that he strangled her. ECF No. 1 at 6. The sexual assault is plainly unrelated to any state action, and the filing of the police report likewise does not support liability. While "a private individual may be liable under § 1983 if she conspired or entered joint action with a state actor" a plaintiff must be able to show "an agreement or 'meeting of the minds' [between the private person and state actor] to violate constitutional rights." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002). Plaintiff's allegation

that Moseley gave a false report to police does not show a meeting of the minds between Moseley and state actors, and so Moseley cannot be subject to §1983 liability. Further, even if plaintiff could establish that Mosely was somehow a state actor, "the filing of a false police report itself does not amount to a constitutional violation." Reno v. Nielson, 424 F. Supp. 3d 1045, 1059 (D. Haw. 2019).

As to Mercy Hospital, plaintiff alleges that he was held at the hospital for neatly three days, was "administered a multitude of medications deprived of belongings, and pressured repeatedly by police to be released for incarceration despite his medical state." ECF No. 1 at 6. These facts do not support any collusion with the state. In fact, the allegations indicate that the Hospital was acting independently because it was holding and treating plaintiff while state actors were pressuring the hospital and/or plaintiff to release plaintiff so they could incarcerate him. Nothing in the allegations indicates that Mercy Hospital is subject to liability under § 1983. Accordingly, the § 1983 claims against Moseley and Mercy Hospital cannot proceed.

### 2. Plaintiff Has Not Alleged County Liability

Plaintiff alleges the County of Sacramento violated his constitutional rights by false arrest and detention (Fourth and Fourteenth Amendments), medical indifference (Eighth and Fourteenth Amendments), malicious prosecution (Fourth Amendment), failure to intervene/ supervisory liability, municipal liability, and retaliatory arrest (First Amendment). ECF No. 1 at 4. Only the Monell claim can potentially apply to the County because "local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978).

Though "municipalities and other local government units ... [are] among those persons to whom § 1983 applies," Monell, 436 U.S. at 690, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,' " City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). To state a cognizable claim under Monell, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

5

1 indifference to the plaintiffs constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision- or policymaking authority. Monell, 436 U.S. at 694. There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

The facts alleged by plaintiff do not support a Monell claim because they do not identify any policy of the County that individual officers were following when plaintiff's rights were allegedly violated. The complaint appears to attempt to hold the County liable for the actions of officers, but § 1983 does not allow for that. Because plaintiff does not articulate any viable basis for municipal liability, he does not state a claim against the county under § 1983 and these claims cannot proceed.

### 3.   Plaintiff Does Not State a 42 U.S.C. § 1985 Claim

Plaintiff alleges that defendant Ilesha Moseley and unnamed defendants entered into agreement to exploit personal relationships with law enforcement to pursue the arrest and prosecution of plaintiff. ECF No. 1 at 5. The facts alleged do not create any potential liability under § 1985. The prohibitions in 42 U.S.C. § 1985(1) (preventing United States officer from performing his duties) and 42 U.S.C. § 1985(2) (obstructing justice) are inapplicable to the facts as alleged. The remaining section of the statute, 42 U.S.C. s 1985(3), prohibits conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . .," but "despite this facially expansive statutory language, the Supreme Court has interpreted 42 U.S.C. § 1985(3) to proscribe only those conspiracies which are motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus . . . ." Wagar v. Hasenkrug, 486 F. Supp. 47, 50 (D. Mont. 1980), quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff's allegations that Moseley used her personal relationships with law enforcement to have plaintiff arrested and prosecuted make plain that there is no § 1985 liability available. Accordingly, this claim cannot proceed.

////

1              4.   <u>Plaintiff Does Not State an Intentional Infliction of Emotional Distress Claim</u>

2          Plaintiff's claim for intentional infliction of emotional distress asserts that all defendants engaged in extreme and outrageous conduct, undertaken with the intent to cause him severe emotional distress or in reckless disregard thereof. ECF No. 1 at 4. "The elements of the tort of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" <u>Christensen v. Superior Court</u>, 54 Cal. 3d 868, 902 (1991) (quoting <u>Davidson v. City of Westminister</u>, 32 Cal. 3d 197, 209 (1982)). To be "outrageous," conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized society. <u>Trerice v. Blue Cross of California</u>, 209 Cal. App. 3d 878, 883 (1989).

          The California Supreme Court has held that a "litigation privilege" codified in Civil Code section 47, subdivision (b), prohibits tort liability (including liability for intentional infliction of emotional distress) for "statements made when a citizen contacts law enforcement personnel to report suspected criminal activity on the part of another person" unless a plaintiff "can establish the laments of the tort of malicious prosecution." <u>Hagberg v. California Fed. Bank</u>, 32 Cal. 4th 350, 350–55 (2004). The elements of malicious prosecution include malice, lack of probable cause, and termination of the prosecution in plaintiff's favor. <u>Id.</u> at 375. Here, at least as to Moseley, the only conduct plaintiff identifies (calling the police on plaintiff) do not establish malicious prosecution and the intentional infliction of emotional distress claim is barred by Cal. Civ. Code § 47(b). Plaintiff also does not allege sufficient facts to establish an abuse of process claim against Moseley. As to the County and Mercy Hospital, the complaint does not allege sufficient facts to support an intentional infliction of emotional distress claim. Accordingly, the claims as drafted cannot proceed.

                    5.   <u>Plaintiff Does Not State a Common Law Abuse of Process Claim</u>

          Plaintiff alleges that Ilesha Moseley "initiated and manipulated legal processes" including filing false police reports and seeking restraining orders for ulterior motives unrelated to justice.

7

ECF No. 1 at 5. "The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." Garcia v. City of Merced, 637 F. Supp. 2d 731, 749–50 (E.D. Cal. 2008), citing Rusheen v. Cohen, 37 Cal.4th 1048 (2006). "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Rusheen, 37 Cal. 4th at 1057. The litigation privilege provided in Cal. Civ. Code § 47(b), discussed above, applies to abuse of process claims. Id. Here again, plaintiff has not pled sufficient facts to show that he can overcome the presumptive privilege provided by the California Civil Code, nor do the facts alleged establish the basic elements of an abuse of process claim. For these reasons, this claim cannot proceed.

                6.    <u>Plaintiff Does Not State a Negligent Hiring and Supervision Claim</u>

Plaintiff alleges that Sacramento County and Dignity Health (presumably meaning defendant Mercey Hospital of Folsom), "failed to adequately train, supervise, or discipline personnel responsible for evaluating, arresting, or treating plaintiff." ECF No. 1 at 5. In California, "an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." Doe v. Cap. Cities, 50 Cal. App. 4th 1038, 1054 (1996). However, liability only arises in cases where "the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." Id. "To establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." Z.V. v. County of Riverside, 238 Cal. App. 4th 889, 902 (2015). The facts alleged do not satisfy the elements of a negligent hiring or supervision claim under California law. Because the facts do not support a negligent hiring or supervision claim, this claim cannot proceed.

Because the complaint does not state facts to adequately support any causes of action, it cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

////

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege sufficient facts to establish the basic elements of the legal claims asserted.  In addition, the amended complaint must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete.  Any amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline

Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. First, you cannot sue private individuals or companies for violations of 42 U.S.C. § 1983 unless you can show that they were working closely with or on behalf of the state. Second, you cannot bring a § 1985 claim unless you can allege you were conspired against on the basis of your minority status. Third, you cannot state a claim against the County under § 1983 for things that individual police officers did. All of the problems with each of your claims are explained above.

Your case is not being dismissed right now. Instead, you are being given 30 days to submit an amended complaint that provides facts and legal causes of action. Your amended complaint needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. The court cannot look to your old complaints or motions – all of the necessary information must be in the second amended complaint. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: August 6, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10