UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN PAGE,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>  Defendants. | No.  2:25-cv-1706 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and pretrial matters are accordingly referred to the undersigned by E.D. Cal. Local Rule 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and that motion was previously granted.  ECF No. 3.  Plaintiff's initial complaint was rejected with leave to amend pursuant to the screening process associated with IFP status.  Id.  Plaintiff filed a First Amended Complaint (ECF No. 5) which is now before the court for screening.

## I. Screening

### A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

1

1  Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will
2  (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
3  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
4  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
5  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
6  1037 (2011).

7        The court applies the same rules of construction in determining whether the complaint
8  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
9  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
10 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
11 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
12 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
13 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
14 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
15 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
16 556 U.S. 662, 678 (2009).

17       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
18 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
19 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
20 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
21 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
22 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
23 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
24 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

25     B. The Complaint
26       Plaintiff "brings this action against the County of Sacramento under 42 U.S.C. § 1983
27 arising from the County of Sacramento's unlawful policies, customs, and deliberate indifference
28 that caused Plaintiff to be deprived of constitutional rights during domestic violence restraining

order proceedings and subsequent criminal prosecution." ECF No. 5 at 1. Plaintiff alleged that he was falsely accused of domestic violence and arrested on September 17, 2024, despite lack of probable cause and evidence contradicting his accuser's claims. Id. at 2. During his arrest, plaintiff suffered a medical crisis and was hospitalized with life-threatening hypertension for 48 hours, during which law enforcement constantly sought to transfer plaintiff to jail despite instructions that plaintiff should not be released. Id. The District Attorney pursued criminal charges against plaintiff based on perjured testimony and incomplete evidence, and on January 16, 2025, a domestic violence restraining order ("DVRO") was entered by default against plaintiff when plaintiff's attorney died unexpectedly before a hearing. Id. Plaintiff did not have a meaningful opportunity to be heard. Id.

Plaintiff sought his own DVRO as a petitioner, but at the July 17, 2025 hearing, the commissioner acted unfavorably toward him. Id. Plaintiff was never asked to provide his side of the story. Id. Plaintiff alleges the "complete disregard for Plaintiff's testimony and submissions exemplifies Sacramento County's unconstitutional customs of denying due process and silencing male victims." Id. Plaintiff sues the County for violations of his constitutional rights under 42 U.S.C. § 1983 pursuant to Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Id.

### B. Analysis

This case must be dismissed because it is clear from the contents of the amended complaint that plaintiff challenges state court rulings that are not reviewable here, and that amendment cannot cure the defects. The only named defendant in this case is the County of Sacramento, and the only cause of action is Monell liability for violations of due process, equal protection, and arrest and detention without probable cause. ECF No. 5 at 3. Plaintiff's case cannot proceed because it is barred by the Rooker-Feldman doctrine and/or Younger abstention.

1. The *Rooker-Feldman* Doctrine

The Rooker-Feldman doctrine[1] prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, the complaint expressly alleges that a DVRO was wrongfully entered against plaintiff, and that his own petition for a DVRO was wrongfully denied. ECF No. 5 at 2. To the extent plaintiff alleges he was denied a fair hearing regarding the DVROs in violation of his due process and equal protection rights, his claims plainly constitute a "de facto appeal" and are barred under Rooker-Feldman. Moreover, the federal complaint expressly seeks a declaration that the County's domestic violence restraining order and prosecution policies are unconstitutional. Id. at 3. Such a remedy is intended to undermine the county court's decisions regarding the denial of plaintiff's DVRO request and the issuance of a DVRO against plaintiff.

This court may not reconsider the judgments of state courts. The Rooker-Feldman doctrine bars plaintiff's claims for relief because consideration of the claims would require the court to re-litigate the merits of the DVRO decisions issued by the superior court. For this reason, the complaint must be dismissed in its entirety.

////

////

2. *Younger* Abstention

The amended complaint appears to be primarily about plaintiff's subjection to a DVRO and his inability to get his own DVRO, but it also challenges the County District Attorney's decision to pursue "criminal charges based on perjured testimony and incomplete evidence, reflecting a custom of prosecuting without adequate evidentiary review." ECF No. 5 at 2. The amended complaint is silent as to whether the criminal prosecution is ongoing or has concluded. Id. In the event criminal proceedings are ongoing, all related claims are subject to Younger abstention.

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Certain "exceptional" classes of cases do support abstention, however. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). The paradigmatic example is Younger v. Harris, 401 U.S. 37 (1971), which "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Sprint, 571 U.S. at 72.

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). Younger thus prohibits federal courts both from directly enjoining state prosecutions and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the state forum. See Mann v. Jett, 781 F.2d 1448 (9th Cir. 1986) (abstention appropriate where § 1983 plaintiff sought damages for denial of right to counsel in ongoing state criminal case).

////

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges, and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.  See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018).  All four elements must be satisfied to warrant abstention.  See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

It is unclear whether Younger abstention applies here, because it is cannot be determined from the face of the complaint whether the criminal case against plaintiff is ongoing or has concluded.  To the extent if any that the criminal case has not concluded, Younger prevents this court from entertaining plaintiff's challenge to his prosecution.  To the extent there has been a final judgment in the criminal case, the challenge is barred by the Rooker-Feldman doctrine for the same reasons that the DVRO claims are barred.

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).  Here, the deficiencies of the complaint cannot be cured by amendment.  It is plain that plaintiff is asking this court to undermine state court decisions issued against him, and the court cannot do that.  Plaintiffs are barred by Younger if they remain pending in state forums, and by Rooker-Feldman if the state judgments are final.  For these reasons, the court finds that amendment would be futile.  Dismissal should be without leave to amend.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because federal district courts do not have authority to overrule decisions by state courts, or to interfere with state court cases that are still going on.  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision.

IV.  Conclusion

For the reasons explained above, it is RECOMMENDED that the amended complaint (ECF No. 5) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 30, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE