UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN PAGE, | Case No.  2:25-cv-01706-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this suit against Defendants.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 31, 2025, the Magistrate Judge issued Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within twenty-one days.  (ECF No. 6.)  Plaintiff has filed objections to the Findings and Recommendations (ECF No. 7), which the Court has read and considered.

Having conducted a *de novo* review of this case, the Court finds that the Magistrate Judge's Findings and Recommendations as to Plaintiff's challenge to the granted Domestic Violence Restraining Order ("DVRO"), as well as the denial of his own DVRO, to be supported by the record and the Magistrate Judge's analysis.  These

1

claims are barred by the *Rooker-Feldman* doctrine which precludes Plaintiff from stating claims based on a claimed legal injury caused by a state court judgment. *See Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). However, on review, it appears that Plaintiff has also sought to state claims based on the policies and practices of the County of Sacramento in connection with the treatment of domestic violence cases. (*See* ECF No. 5 ¶ 19.) In the Ninth Circuit's recent decision in *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), the court reaffirmed the narrow scope of the *Rooker-Feldman* doctrine. As noted by the court in *Miroth*, claims that would not require a review of a judicial decision in a particular case and do not seek relief from that judgment do not raise the jurisdiction limits recognized by the *Rooker-Feldman* doctrine. *Id.* at 1151. Plaintiff's claims are at least partially based on claims of constitutional violations separate and apart from the issuance and denial of the DVROs. (*See* ECF No. 5 ¶ 19.d (alleging the County of Sacramento has "[a] policy/custom of ignoring or dismissing male victims of sexual assault and domestic abuse, reflecting gender bias and denying equal protection."), 19.e (alleging deliberate indifference by Defendants in training and supervising "deputies and prosecutors in handling DVROs, perjury, and due process rights.").) As such, *Rooker-Feldman* does not properly apply to these claims.

Nevertheless, it does not presently appear that Plaintiff has alleged state facts to state a claim. Within Plaintiff's First Amended Complaint there are only limited factual allegations supporting these claims. These allegations are almost exclusively conclusory allegations. For example, Plaintiff stated that "[t]he Sacramento County District Attorney pursued criminal charges based on perjured testimony and incomplete evidence, reflecting a custom of prosecuting without adequate evidentiary review[,]" (*id.* ¶ 12), but Plaintiff does not provide any supporting factual allegations for this claim. Accordingly, Plaintiff's claims must still be dismissed as presented,

albeit with leave to amend.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 31, 2025, are ADOPTED IN PART and DENIED IN PART as stated above.

2. Petitioner's First Amended Complaint (ECF No. 5) is DISMISSED with leave to amend.

3. Plaintiff shall file an amended complaint within twenty-one (21) days of service of this order.  Failure to file an amended complaint within this time may result in the action being dismissed in its entirety.

4. This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:  __**July 2, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] As noted by the Magistrate Judge, the *Younger* abstention doctrine may still present a barrier to Plaintiff's claims. (*See* ECF No. 6 at 6.)  However, that potential issue cannot yet be resolved.

3